UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JORGE HERNANDEZ,

                                    Petitioner,

          - against -

D.F. NAPOLI, Superintendent, Southport Correctional Facility,

                                  Respondent.
------------------------------------------------------------------x

08-CV-10454 (CS) (GAY)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 4/25/12

Appearances:

Jorge Hernandez
Auburn, New York
Pro Se *Petitioner*

Andrew R. Kass
Orange County District Attorney's Office
Goshen, New York
*Counsel for Respondent*

Seibel, J.

      Before the Court is Petitioner Jorge Hernandez's Objections, (Doc. 21),[1] to the Report and Recommendation ("R&R") of United States Magistrate Judge George A. Yanthis, dated January 18, 2012, (Doc. 18), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Doc. 1). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

---

[1] The Objections are undated and were apparently delivered only to Chambers, not filed with the Clerk of the Court. They were accompanied by a cover letter dated March 13, 2012. The Court had the Objections docketed and will treat them as if timely filed.

I.   Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 6(d) (providing an additional three days where service made by mail or electronically). A district court must conduct a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which" timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);[2] *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *1-2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general

---

[2] Petitioner will be provided with copies of all unreported cases cited in this Order.

objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

II.  Discussion

Petitioner has objected to various statements in the R&R's description of the facts underlying his case. As the underlying facts were not relevant to Judge Yanthis's recommendation and are not relevant to my disposition, I need not address these objections.

Petitioner further objects that he is entitled to solicitude as a *pro se* Petitioner. I see no indication that Judge Yanthis, an experienced Magistrate Judge, did not extend that solicitude to Petitioner, and I extend it as well. Petitioner of course is not entitled to such solicitude with respect to those underlying state proceedings for which he was represented by counsel.

It is not clear to the Court that Petitioner is in fact objecting to Judge Yanthis's exhaustion and procedural default analyses, but I will assume he is. I concur with Judge Yanthis that the first claim, as presented to the state courts, was not fairly presented as a federal

constitutional claim, and thus is unexhausted. I further concur that the second and fourth claims are also unexhausted because they were not presented to the highest state court at all. I further concur that the state courts would find procedural bars to the presentation of those claims at this stage, so the claims must be deemed exhausted. *See Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (state law provides petitioner with only direct appeal, and does not otherwise permit collateral attacks under N.Y. Crim. Proc. Law § 440 where petitioner "unjustifiably failed to raise the issue on direct appeal"). Finally, I further concur that Petitioner has not presented cause for the procedural default and prejudice attributable thereto, or shown actual innocence, and thus that his claims are unreviewable by this Court. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 750 (1991).[3]

Indeed, the claims are not presented even to this Court as federal constitutional claims, but rather simply challenge the state court's application of its evidentiary rules. Nothing in the Petition addressed federal constitutional law, and the federal case law cited in paragraph 14 of the Objections does not relate to the issue of whether Petitioner's expert's testimony should have been limited. To the extent Petitioner is attempting to raise a Confrontation Clause issue through those citations, and the argument that Dr. Janoson testified to facts outside the record, such an

---

[3] While "defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default . . . when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel," *Aparacio*, 269 F.3d at 91, Petitioner has not asserted that his appellate counsel was ineffective. In any event, it does not appear to the Court that state appellate counsel's failure to raise the issues as federal constitutional claims in the intermediate appellate court constituted substandard representation or that there is a reasonable probability that the result of the proceeding would have been different, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), had the claims been so raised. Further, because appeal to New York's highest court is discretionary, ineffective assistance at that level does not violate a constitutional right and cannot constitute cause excusing a procedural default. *See Chalk v. Kuhlmann*, 311 F.3d 525, 528-29 (2d Cir. 2002).

effort is unavailing. First, a party may not consider in connection with objections to an R&R claims or issues that were not raised before the Magistrate Judge. *O'Diah v. Fischer*, No. 08-CV-941, 2012 WL 976033, at *1 (N.D.N.Y. Mar. 22, 2012). Second, the Confrontation Clause is not implicated in any event, because the expert at issue was *Petitioner's* witness. Third, it is well settled that an expert may rely on inadmissible evidence as the basis for his or her opinion without his or her testimony violating the Confrontation Clause. *See United States v. Dukagjini*, 326 F.3d 45, 58-59 (2d Cir. 2003) (expert may rely on hearsay "while reliably applying expertise to that hearsay evidence, but may not rely on hearsay for any other aspect of his testimony"); *United States v. Locascio*, 6 F.3d 924, 938 (2d Cir. 1993) ("expert witnesses can testify to opinions based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence" in forming opinions).

Petitioner in his Objections requests a stay in this Court so that he may return to state court to exhaust his remedies and thereafter amend the instant Petition. As noted above, a petitioner may not seek, via objections to an R&R, relief that was not sought before the Magistrate Judge. Further, as also noted above, Judge Yanthis's analysis that the state courts would not hear Petitioner's federal claims at this stage is, in my view, correct, and thus no purpose would be served by staying to permit exhaustion.

## Conclusion

I adopt the R&R as the decision of the Court, and the Petition is dismissed. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: April 24, 2011
       White Plains, New York

                                        CATHY SEIBEL, U.S.D.J.